UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD, | No. 2:13-cv-2231 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| KEIRITH BRIESENICK, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,
3 490 U.S. at 327.

4 In order to avoid dismissal for failure to state a claim a complaint must contain more than
5 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6 of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007). In other words,
7 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8 statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
9 upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct.
12 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>,
15 416 U.S. 232, 236 (1974).

16 Plaintiff's 91 page complaint does not does set forth a short and plain statement as
17 required by Federal Rule of Civil Procedure 8. It appears plaintiff is attempting to raise due
18 process and equal protection claims arising out of the conduct of the Yolo County District
19 Attorney's Office and the Davis Police Department in investigating a claim by plaintiff that his
20 son was sexually assaulted by defendant Rapalyea. Plaintiff has alleged the exact same claims in
21 at least two prior actions filed in this court. See <u>Todd v. Briesenick</u>, 2:12-cv-856 MCE GGH PS
22 (E.D. Cal.); <u>Todd v. Briesenick</u>, 2:13-cv-753 KJM KJN PS (E.D. Cal.). Both of those actions
23 were dismissed with prejudice. 2:12-cv-856 MCE GGH PS, ECF No. 5; 2:13-cv-753 KJM KJN
24 PS, ECF No. 8. As explained in the findings and recommendations in the first filed action,
25 plaintiff cannot state a claim for violation of his rights to due process and equal protection under
26 the circumstances alleged here. 2:12-cv-856 MCE GGH PS, ECF No. 3. Plaintiff's claims in the
27 instant action are duplicative of plaintiff's previously filed actions and are barred by res judicata.
28 This action should be dismissed with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 todd2231.ifp.57

3